**DYKEMA GOSSETT LLP**
J. KEVIN SNYDER, State Bar No. 107509
KSnyder@dykema.com
Brian H. Newman (State Bar No. 205373)
BNewman@dykema.com
ALLISON M. SCOTT, State Bar No. 305989
AScott@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant, CANDID CARE CO.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| KALIVA MORGAN, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CANDID CARE CO., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-1748<br><br>**DEFENDANT CANDID CARE CO.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]** |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant CANDID CARE CO. ("Candid" or "Defendant") files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and in support hereof would show the Court the following:

## I. PROCEDURAL HISTORY

1. On or about December 10, 2020, Plaintiff KALIVA MORGAN ("Plaintiff" and/or "Morgan"), filed the Class Action Complaint for Damages ("Complaint") in the Superior Court of the State of California, County of San Francisco, Case No. CGC-20-588430 (the "State Court Action") against Candid. Ex. 1, Complaint.

2. On February 11, 2021, Plaintiff personally served Candid with the Summons and Complaint. Ex. 1, Complaint, and Ex. 2, Summons.

3. Pursuant to 28 U.S.C. § 1446(b)(2)(B), Candid timely files this Notice of Removal within thirty (30) days of receipt of Plaintiff's Complaint.

4. A copy of all process, pleadings, and orders in the State Court Action are attached to this Notice of Removal as Exhibits 1 to 4, as required by 28 U.S.C. § 1446(a).

**II. NATURE OF THE SUIT**

5. This lawsuit involves an action brought by Plaintiff on behalf of herself and putative class members for violations of California's Labor Code for failure to pay minimum wages, failure to pay overtime and double time wages, failure to provide meal and rest periods, failure to provide compliant wage statements and maintain payroll records, failure to pay all wages upon separation of employment, failure to maintain payroll records, violation of California's unfair competition law, civil penalties, restitution, an injunction, and attorneys' fees and costs.

**III. VENUE**

6. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending in the Superior Court of the State of California, County of San Francisco and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

**IV. REMOVAL IS PROPER BECAUSE THERE IS DIVERSITY JURISDICTION**

7. Pursuant to 28 U.S.C. § 1332(a), district courts shall have original jurisdiction of all civil actions where the matter is between citizens of different states and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

8. **Diversity.** Plaintiff and Candid are citizens of different states as described below:

a. ***Plaintiff is a citizen of California.*** For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. N*ewman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

U.S. 30, 48 (1989). Plaintiff alleges she is a resident of California. Ex. 1, Compl. ¶ 2. Plaintiff does not allege any intention to move from California. *Ibid*. Thus, Plaintiff is domiciled in California.

b. ***Candid is a Citizen of Delaware and New York.*** Candid is a corporation. For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Candid is a corporation incorporated in the state of Delaware with its principal place of business in New York. *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010) (setting forth that a corporation's principal place of business is where it has its "nerve center"—meaning where it conducts, coordinates, and directs its corporate activities). Thus, Candid is deemed a citizen of Delaware and New York for diversity purposes. *See also* Ex. 1, Compl. ¶ 5.

c. In a class action, only the domicile of the class representative (i.e., the named plaintiff) is considered, rather than that of the class members. *Borgeson v. Archer-Daniels Midland Co.*, 909 F.Supp. 709, 713 (C.D. Cal. 1995).

d. Thus, complete diversity exists because Plaintiff is a citizen of California, whereas, Candid is a citizen of Delaware and New York.

9. **<u>Amount in Controversy</u>**. As described below, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

a. In accordance with 28 U.S.C. § 1446(a), a defendant's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and evidence of such amount is only required if the plaintiff or the court contests the defendant's allegations. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014).

b. In a case brought as a class action, only the claim of the named plaintiff is relevant for determining whether the case meets the amount-in-controversy requirement. *Green v. Party City Corp.*, CV-01-09681 CAS (Ex), 2002 U.S. Dist. LEXIS

7750, at *5 (C.D. Cal. Apr. 9, 2002) (citing to *Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001).

c. Candid hired Plaintiff on November 28, 2018. (Declaration of Maurin Shaffer., ¶ 5.) Plaintiff worked for Candid until she was furloughed on March 30, 2020 due to the pandemic. (*Id.*) Candid terminated Plaintiff's employment on September 11, 2020. (*Id.*)

d. When Candid hired Plaintiff, it paid Plaintiff $22.00 per hour on a semi-monthly basis. (*Id.* at ¶ 6.) Beginning in June 2019, Candid paid Plaintiff on a bi-weekly basis. (*Id.*) On December 22, 2019, Candid increased Plaintiff's rate of pay to $22.75 per hour. (*Id.*)

e. Based on this, Plaintiff worked for Candid for a total of 69 workweeks. (*Id.* at ¶ 5.) Plaintiff earned $22.00 per hour for 55 out of the 69 workweeks and $22.75 per hour for 14 out of the 68 workweeks.

f. Plaintiff's Complaint does not specify the total amount of damages Plaintiff seeks to recover. However, Plaintiff alleges the following:

i. Plaintiff worked for Candid as a non-exempt employee. Ex. 1, Compl. ¶ 6.

ii. Plaintiff alleges she worked "substantial overtime hours" during her employment with Candid for which she was not compensated. *Id.* at ¶ 12.

iii. Plaintiff also allege she was required to work during her meal and rest breaks and was not compensated for the off-clock work. *Id.* ¶ 12.

iv. Plaintiff alleges that Candid failed to pay for all hours worked. *Id.* at ¶ 12. For instance, Plaintiff alleges that Candid required Plaintiff to work shifts over eight hours in a day and over forty hours in a workweek, but she was not paid the appropriate overtime rate for all such hours. *Id.* at ¶ 12. Plaintiff further alleges that she was not properly compensated for the overtime hours she worked, in addition to the hours she was required

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

to work off-the-clock. *Id.* at ¶ 13. Plaintiff also alleges that Candid failed to compensate Plaintiff at 1.5 times her regular rate of pay for the first eight hours of the seventh consecutive workday and two times her regular rate for any hours worked over eight on the seventh consecutive workday. *Id.* at ¶ 13.

v. Plaintiff alleges that Candid consistently failed to provide meal and rest periods and did not pay the required premium for non-compliant meal periods. *Id.* at ¶¶ 16 and 17. Plaintiff seeks to recover one-hour premium pay for each missed meal and rest period. *Id.* at ¶¶ 53-54 and 59-60.

vi. Plaintiff also alleges that Candid has failed to provide her with timely and accurate wage statements as required by California law. *Id.* at ¶ 19. Under Labor Code section 226(e), Plaintiff seeks to recover $50 for the initial violation and $100 for each subsequent violation up to a maximum of $4,000 for the alleged failure to provide her with accurate itemized wage statements. *Id.* at ¶ 65.

vii. Plaintiff alleges that Candid consistently failed to keep accurate time and wage records as required by California's wage and hour laws. *Id.* at ¶ 20.

viii. Plaintiff also alleges that Candid failed to pay all wages owed at the time of termination of her employment. *Id.* at ¶ 21. Plaintiff alleges that she is entitled to recover 30 days' wages as a penalty. *Id.* at ¶¶ 73-74.

ix. Plaintiff seeks to recover liquidated damages for Candid's alleged failure to pay for all hours worked. *Id.* at ¶ 40.

x. Plaintiff requests restitution and injunctive relief for Candid's alleged unlawful, unfair, deceptive, or fraudulent business practices. *Id.* at ¶ 84 and Prayer for Relief Nos. 10-11.

xi. Plaintiff seeks to recover a civil penalty for failing to maintain accurate payroll records. *Id.* at ¶¶ 67-69.

xii. Plaintiff seeks to recover her attorney fees and cost. *Id.* at Prayer for Relief Nos. 14-15.

g. Although Candid denies Plaintiff's claims in their entirety and that Plaintiff can recover for any sums in the Complaint, Plaintiff's claims for unpaid wages, liquidated damages, statutory penalties, civil penalties, and attorney fees are at least $85,902.34.[1] This amount is solely for the purpose of determining the amount in controversy for diversity jurisdiction, not an admission that Plaintiff is entitled to any sum in the Complaint. Based on Plaintiff's allegations in the Complaint, and for the purpose of establishing diversity jurisdiction, Candid estimates Plaintiff is seeking the following amounts in damages:

i. Plaintiff is seeking at least $2,292.75 for off the clock work. This calculation is based on Plaintiff's allegations that Canids had a consistent policy of failing to pay Plaintiff for hours worked during her meal periods. Ex. 1, Compl. ¶ 36. As such, it appears Plaintiff seeks to recover 30-minutes for each meal period for which Plaintiff was off-the-clock but allegedly worked. As alleged by Plaintiff, this means that Plaintiff was not paid at least 1.5 hours each week (*i.e.*, 1.5 multiplied by $22.00 multiplied by 55 workweeks and 1.5 multiplied by $22.75 by 14 workweeks).

ii. Plaintiff is seeking at least $2,292.75 in liquidated damages. Under Labor Code section 1194.2, Plaintiff may seek to recover as liquidated damages the amount of the unpaid wages. As such, this calculation is based on section 9(d)(i), which sets forth that Plaintiff is seeking to recover at least $2,292.75 in unpaid wages for off-the-clock work.

[1] Defendant denies Plaintiff's allegations in the Complaint and that Plaintiff and any putative class members are entitled to any sum, including but not limited to unpaid wages, statutory and civil penalties, liquidated damages, restitution, attorneys' fees and costs, and interest.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

iii. Plaintiff is seeking at least $9,171.84 in unpaid overtime. This calculation is based on that Plaintiff's allegations that Candid "often" failed to pay overtime rates for all hours worked in excess of eight (8) hours per day and/or exceed forty (40) hours per week, including failing to pay overtime when Plaintiff worked through her meal period. Ex. 1, Compl. ¶ 45-46. This calculation is also based on that Plaintiff alleges that Candid failed to properly calculate the overtime rate based on commissions, incentive pay, and/or nondiscretionary bonuses. *Id.* at ¶ 46. Based on these allegations, Plaintiff is seeking to recover at least four hours of overtime for each workweek (*i.e.*, four hours multiplied by Plaintiff's overtime rate of $33 multiplied by 55 workweeks and four hours multiplied by Plaintiff's other overtime rate $34.13 multiplied by 14 workweeks).

iv. Plaintiff is seeking at least $6,114.00 in unpaid double time. This calculation is based on Plaintiff's allegation that she is entitled to overtime and/or double time compensation. *Id.* at ¶ 15. Based on these allegations, Plaintiff is seeking to recover at least two hours of double-time for each workweek (*i.e.*, two hours multiplied by Plaintiff's double-time rate of $44.00 multiplied by 55 workweeks and Plaintiff's other double-time rate of $45.50 multiplied by 13 workweeks).

v. Plaintiff is seeking at least $9,171.00 for meal and rest period violations. This calculation is based on Plaintiff's allegation that Candid "regularly" required Plaintiff to work shifts in excess of five hours without providing her a meal period and failing to provide Plaintiff with a second meal period when she worked in excess of ten hours. Ex. 1, Compl. ¶¶ 16 and 53. This calculation is also based on Plaintiff's allegation that Candid "consistently" failed to provide Plaintiff with paid rest breaks. *Id.* at ¶¶ 17 and 58. Based on the number of workweeks, Candid took the mid-point of three missed meal period and three missed rest period violations

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

each workweek (*e.g.*, 55 workweeks multiplied by three multiplied by $22 and 14 workweeks multiplied by three multiplied by $22.75 for missed meal periods).

vi. Plaintiff is seeking at most $4,000.00 for wage statement violations (based on the maximum penalty as set forth in the Labor Code).

vii. Plaintiff is seeking <u>at least</u> $5,460.00 in waiting time penalties (*i.e.*, 30 days multiplied by $22.75 multiplied by eight hours for each workday).

viii. Plaintiff is seeking $500.00 in civil penalties under Labor Code section 1174.5 for the alleged failure to maintain accurately payroll records.

ix. Plaintiff is seeking <u>at least</u> $40,000 in attorney fees. Pursuant to Labor Code § 218.5, "[i]n any action brought for the nonpayment of wages, . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." As such, Plaintiff has a right to recover attorneys' fees if she prevails on her claims for nonpayment of wages. Candid estimated $40,000 given a recent California court decision awarding a similar amount for individual wage and hour claims. *Cruz v. Fusion Buffet, Inc.*, 57 Cal. App. 5th 221, 229-30 (2020) (awarding the plaintiff's counsel only $47,132.50 in attorney fees in an individual wage and hour claim where the plaintiff's damages were in the $40,000 range); *see also Nanda v. W. Dental Servs.*, 2014 Cal. Super. LEXIS 6394, *3 (Cal. Super. Ct. November 13, 2014) (awarding $527,455.00 for total attorneys' fees in an individual wage and hour case).

h. As such, Plaintiff's claims for unpaid wages, liquidated damages, statutory penalties, civil penalties, restitution, and attorney fees (accrued and prospective) aggregated as a whole exceed the $75,000 threshold requirement. 28 USC § 1446(c)(2) (setting forth that the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy); *Fritsch v. Swift*

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

*Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 794 (9th Cir. 2018) (including prospective attorney fees in the assessment of the amount in controversy, when a statute or contract provides for the recovery of attorneys' fees); *ABM Sec. Servs. v. Davis*, 646 F.3d 475, 478 (7th Cir. 2011) (including statutory penalties in the calculation of the amount in controversy); *Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *15 (C.D. Cal. May 9, 2018) (including liquidated damages for unpaid wages in the calculation of the amount in controversy).

i. Based upon the allegations in the Complaint, and solely for purposes of asserting diversity jurisdiction in this matter, the amount in controversy exceeds the value of $75,000, exclusive of interests and costs, and therefore diversity jurisdiction is proper.

10. In accordance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal and a copy of this Notice of Removal will be filed with the San Francisco County Superior Court. A copy of that Notice will be served upon Plaintiff.

11. Based upon the foregoing, Candid is entitled to remove this action to this Court under 28 U.S.C. §§ 1332 and 1441, et seq.

WHEREFORE, Candid serves this Notice that this action has been removed to the United States District Court for the Northern District of California.

DATED: March 12, 2021

DYKEMA GOSSETT LLP

By: /s/ Allison M. Scott
ALLISON M. SCOTT
Attorneys for Defendant, CANDID CARE CO.

114875.000005 4853-0300-2078.3